UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| REBECCA ANN LYNCH, LARRY D. SCHULTZ, and BRITANY LANIER, on behalf of THEMSELVES and All Others Similarly Situated, | ) ) ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) ) |
| LAWRENCEBURG NH OPERATIONS, LLC d/b/a COUNTRYSIDE HEALTHCARE AND REHABILITATION, | ) ) ) ) ) |
| *Defendant*. | ) |

COLLECTIVE ACTION

CASE NO. 1:13-cv-00129

JUDGE HAYNES

## CASE MANAGEMENT ORDER

I.  **Jurisdiction and Venue**

Resolved: This Court has jurisdiction over Plaintiffs' claims brought pursuant to the FLSA, 29 U.S.C. § 216(b), because they raise a federal question pursuant to 28 U.S.C. § 1331. Venue for this action properly lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because Defendant resides in this judicial district and because the claims arose in this judicial district.

Disputed: Plaintiffs allege that this Court has supplemental jurisdiction over Plaintiffs' Tennessee breach of contract and unjust enrichment claims pursuant to 28 U.S.C. § 1367 because these state law claims are so related to the FLSA claims that they form part of the same case or controversy. Defendant responds that Plaintiffs do not state proper state law claims; that Plaintiffs' allegations fail to state a claim under state law; and that such claims are preempted by federal law. Defendant denies that this Court has and/or should exercise jurisdiction over Plaintiffs' state law claims. Defendant further denies that a collective action is proper for such claims, denies that such

claims are governed by a six-year statute of limitations, and asserts that such claims are governed by a three-year statute of limitations.

## II. Parties' Theories of the Case

### a. Plaintiffs' Theory of the Case

Plaintiffs Rebecca Ann Lynch, Larry D. Schultz, and Britany Lanier (collectively, "Plaintiffs") bring this collective action lawsuit on behalf of all similarly situated individuals, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") and pursuant to Tennessee law for breach of contract and unjust enrichment against Defendant Lawrenceburg NH Operations, LLC d/b/a Countryside Healthcare and Rehabilitation ("Countryside").

Plaintiffs allege that Countryside has maintained policies and practices that have deliberately failed to pay Plaintiffs for all time worked, including regular time worked and overtime worked, in violation of the FLSA and Tennessee law. First, Plaintiffs allege that Countryside's policy/practice of not paying them for a meal period, even though Plaintiffs routinely work during their supposed meal periods, has failed to pay Plaintiffs for work performed during those meal periods. Second, Plaintiffs allege that Countryside's policy/practice of altering Plaintiffs' time clock punch records has failed to pay Plaintiffs for work they have performed.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to represent all similarly situated past and present employees who have not been paid for all compensable time worked and to have this action certified as a collective action. On behalf of themselves and those they seek to represent, Plaintiffs seek relief for, *inter alia,* unpaid wages, unpaid overtime wages, liquidated damages, costs, attorney's fees, and declaratory and injunctive relief.

In her individual capacity, Plaintiff Lynch alleges that Countryside retaliated against her for pursuing her rights under the FLSA by terminated her employment shortly after she filed this

2

lawsuit, in violation of 29 U.S.C. § 215(a)(3), despite six years of exceptional performance with no significant discipline. For this claim, Plaintiff Lynch seeks, *inter alia*, past and future wages and benefits, compensatory damages for emotional distress and suffering, liquidated damages, punitive damages, pre-judgment interest, and reimbursement of the costs and attorney's fees.

### b. Defendant's Theory of the Case

Defendant denies that it failed to pay Plaintiffs and/or other similarly situated employees overtime compensation or minimum wage due under the Fair Labor Standards Act or straight time wages owed. Defendant further denies that it required any employees to work during their meal breaks without compensation.

Defendant further denies that Plaintiffs' alteration of time cards claim states a claim upon which relief can be granted because all affected employees have been fully reimbursed for any lost time and paid an equal amount extra to cover any argued amount in liquidated damages in the event the "alteration of time cards" (which were in fact corrections) had violated the FLSA. Accordingly, Plaintiffs' alteration of time cards allegations are moot.

Defendant denies that an unjust enrichment or breach of contract claim is enforceable as pleaded by Plaintiffs. Each of those claims requires proof of elements not pleaded, and will depend on an individualized assessment of the particular facts of the matter as to each employee, making a collective or class action inappropriate and improper. The individualized elements will included proof of the terms of each contract (not just a promised wage), proof of an offer and acceptance, a breach (and the extent of its materiality), performance (and the extent thereof as to each employee), damages, and the overall circumstances of each situation in which an "unjust" enrichment has been claimed.

3

Defendant denies that a collective action is appropriate in this case as to any of the claims. Each and every denial, representation, and affirmative defense pleaded in Defendant's Answer to Plaintiffs' Complaint is incorporated by reference herein.

Defendant asserts that Plaintiff Lynch was discharged for legitimate non-retaliatory reasons, and it denies that it in any way retaliated against Lynch for pursuing any protected right or claim, including those provided in the FLSA. Defendant denies that Lynch is entitled to any remedy or damages because of the discharge. As to Lynch's retaliation claim, each and every denial, representation, and affirmative defense pleaded in Defendant's Answer to Plaintiff's Amended Complaint is incorporated by reference herein (after such Answer is filed).

### III. Schedule of Pretrial Proceedings

#### a. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before **January 15, 2014**.

#### b. Meeting of Counsel and Parties to Discuss Settlement Prospects

On or before **March 17, 2014**, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

4

**c. Other Pretrial Discovery Matters**

As determined at the case management conference on **Monday, December 16, 2013**, this action is set for a jury trial on 2/17/2015, at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, 2/13/2015. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held 2/2/2015, at 10:00 a.m./p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed on or before **July 28, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **July 28, 2014**. All discovery related statements shall be filed on or before **August 15, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All motions[1] to decertify the conditionally certified class of individuals pursuant to 29 U.S.C. § 216(b) shall be filed on or before **August 15, 2014**, and any response thereto shall be filed on or before **September 12, 2014**. Any reply shall be filed on or before **September 19, 2014**

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

5

All dispositive motions and Daubert motions shall be filed on or before **October 13, 2014**, and any response thereto shall be filed on or before **November 10, 2014**. Any reply shall be filed on or before **November 17, 2014**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

On or before **August 11, 2014**, Plaintiffs shall declare to Defendant (not to file with the Court) the identity of Plaintiffs' expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

On or before **September 2, 2014**, Defendant shall declare to Plaintiffs (not to file with the Court) the identity of its expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed on or before **October 6, 2014**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories

---

[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions

Local Rule 12(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

ENTERED this the ___ day of December, 2013.

WILLIAM J. HAYNES, JR.
United States District Judge

Approved and submitted for review on December 12, 2013

/s/ Scott P. Tift
**GEORGE E. BARRETT (BPR # 2672)**
**JERRY E. MARTIN (BPR # 20193)**
**DAVID W. GARRISON (BPR # 24968)**
**SCOTT P. TIFT (BPR # 27592)**
**SETH M. HYATT (BPR # 31171)**
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
gbarrett@barrettjohnston.com