UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| REBECCA ANN LYNCH, LARRY D. SCHULTZ, and BRITANY LANIER, on Behalf of THEMSELVES and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LAWRENCEBURG NH OPERATIONS, LLC d/b/a COUNTRYSIDE HEALTHCARE AND REHABILITATION,<br><br>    Defendant. | COLLECTIVE ACTION<br><br>CASE NO. 1-13-0129<br><br>CHIEF JUDGE HAYNES<br><br>JURY DEMANDED |

## AGREED PROTECTIVE ORDER

This matter comes before the Court on the parties' joint request and stipulation for entry of a Protective Order. Discovery is under way and the parties are seeking, and may in the future seek, documents or information that may be considered confidential by the party requested to produce such documents or information. The Court is informed that the parties to this action desire to protect their confidential documents and information from unauthorized, unnecessary disclosure.

THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS ORDERED that the following principles and procedures designed to assure the protection of proprietary and/or confidential documents and information shall govern any and all discovery in this action:

1. <u>Scope of Order – Documents and Information Covered</u>. This Order shall cover documents and information obtained through discovery that are designated as "Confidential."

For purposes of this Order, any "Confidential" designation shall include all copies of such documents. It shall also include all summaries, reports, exhibits, illustrations, or other documents or communications that disclose the protected document and/or paraphrase the underlying information contained in that document, whether written or verbal.

> CONFIDENTIAL: "Confidential" includes, but is not limited to, such documents as personnel files, confidential business records, employee benefit information, employee medical information, documents that may be reasonably construed to contain protected health information as defined by the provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-101, 110 Stat 1936 (1996) or its accompanying regulations, and other documents that any party has determined in good faith contain confidential business information.

Once a document is designated as "Confidential," production or disclosure of that document shall be governed by the terms of this Order unless such designation is withdrawn, either by agreement of the designating party or through the procedure outlined in Paragraph 4. Such designation shall thereafter include all copies of such materials delivered to or maintained by the receiving parties, their counsel and experts, as well as all summaries, studies, reports, exhibits, illustrations, or other materials or communications of any kind, created by experts, consultants or others, based upon, referring to, revealing, including, or incorporating in any way, in whole or in part, such "Confidential" materials.

If the producing party produces documents or information that are not designated Confidential, and the receiving party believes in good faith that the documents or information should be designated Confidential pursuant to this Protective Order, the receiving party may, within thirty (30) days of receipt of such documents or information, designate such documents or information as Confidential by notifying all other parties and providing a copy of the documents designed Confidential by the receiving party to all other parties.

2. <u>Definition of "Document."</u> "Document" or "Documents," for purposes of this Order, shall include, but not be limited to, any writing, recording, or photograph as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

3. <u>Manner of Designation.</u> All or any portion of a document may be designated as "Confidential." The designation of "Confidential" material in a document shall be made by placing or affixing on each page "Confidential" in a manner that will not interfere with its legibility.

4. <u>Disputes Concerning Propriety of "Confidential" Designation.</u> Any party may dispute the designation of particular material or information contained in a document designated as "Confidential" under Paragraph 1. If any party believes that material which has been so designated should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court for the degree of disclosure allowed or as to whether it is in fact confidential material or information. The parties shall, until

2

7/3383294.2
Case 1:13-cv-00129 Document 84 Filed 04/03/14 Page 2 of 7 PageID #: 636

further order of the Court, treat the document designated as "Confidential," in accordance with the designation and the provisions of this Order notwithstanding the existence of the dispute.

By entering into this Protective Order, no party agrees to a presumption of confidentiality in favor of the designated document, testimony, or information. If a party challenges the "Confidential" designation of any document, information, or testimony, the party making the designation shall bear the burden of proving that the challenged document, information, or testimony is in fact "Confidential" and that the designation is narrowly tailored to insure that only "Confidential" information is so designated. The foregoing applies to all material designated as "Confidential."

5. <u>Persons To Whom "Confidential" Material May Be Disclosed</u>. Counsel for each party who obtains a document designated "Confidential" shall not disclose or permit disclosure of such documents (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

   a. <u>Employees of Counsel</u>. Disclosure may be made to employees of counsel who have direct functional responsibility for the proceedings in this action or any appeal therein. Any employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents designated as "Confidential" (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this paragraph 5.

   b. <u>Experts and Consultants</u>. Disclosure may be made to consultants or experts, employed by any party or counsel to any party to assist counsel in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such consultants or experts who have direct functional responsibility for assisting the consultant or expert as part of his or her employment in connection with this action. Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree in writing to be bound by the terms of this Order. See Stipulation to Abide by the Agreed Protective Order ("Stipulation"). Counsel that disclosed such "Confidential" material to any expert or consultant and his/her support staff shall retain the signed Stipulation.

   c. <u>The Parties</u>. Disclosure may be made to plaintiffs, including opt-in plaintiffs, and defendant. However, plaintiffs, including opt-in plaintiffs, and defendant may not make any further disclosure to any person or entity of any "Confidential" material.

   d. <u>Testifying Witnesses</u>. Disclosure may be made to prospective witnesses as part of fact investigation and to witnesses in connection with a deposition or hearing, but only if the witness agrees in writing to be bound by the terms of this Order. The parties agree that they will request that any agent under their control who is a witness in a deposition to agree to be bound by this Order.

3

See Stipulation. Counsel that disclosed the "Confidential" material shall retain the signed Stipulation.

    e. <u>Disclosure To The Court</u>. Disclosure may be made at any time to the Court or any judge, magistrate judge, clerk, or employee of the Court with responsibility over this lawsuit, provided the following: Prior to the filing of any document which reflects, contains, or includes any documents or information designated as Confidential with the Court, the parties will consult to determine whether those documents should be filed under seal. If the parties cannot reach an agreement informally, the party seeking to have documents filed under seal may seek the intervention of the Court. At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned to the party filing it for disposition. To the extent possible, only the filings containing documents or information designated Confidential shall be filed under seal.

6. <u>Depositions</u>. Within thirty (30) days of receipt of the transcript of a deposition, any party may designate portions of the deposition transcript and exhibits as Confidential by sending written notice to all other parties. The written notice shall specify the page and line numbers of the deposition transcript and/or the exhibit numbers that will be designated as Confidential. Upon receipt of such written notice, all parties shall treat the materials as Confidential and subject to the provisions of this Protective Order.

7. <u>No Use Permitted For Business or Competitive Purposes</u>. Use or disclosure of documents or information designated as "Confidential" under this Order by the parties, counsel, or any person to whom such documents or information have been disclosed to under Paragraph 5 is prohibited in (a) any litigation other than the litigation of the claims at issue in this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, this action and any appeal therein.

8. <u>Custodian Of "Confidential" Material</u>. The signatories to this Order shall be deemed Custodians of any "Confidential" material that they, their law firms, or any experts or consultants engaged by them or their law firms in this action may receive. Each of the Custodians agrees to be responsible for compliance with this Order. Any perceived violation of this Order must first be brought to the attention of the appropriate Custodians who will take such steps as are reasonably practical and expedient to obtain compliance with this Order. However, nothing in this Order will confer or create any contractual right or remedy for or against any Party or Custodian.

9. <u>No Waiver</u>. The failure to insist upon full compliance with any of the items of this Protective Order in any instance shall not be deemed to be a waiver of the subsequent right to insist upon full compliance with those terms.

10. <u>Copies of "Confidential" Material</u>. Copies of "Confidential" material, and the documents prepared by an expert or consultant that incorporate or reveal confidential

4

7/3383294.2
Case 1:13-cv-00129 Document 84 Filed 04/03/14 Page 4 of 7 PageID #: 638

information from "Confidential" material, shall be subject to the same treatment hereunder as are the original documents or information produced.

11. **Notification Upon Improper Disclosure.** If any information or documents designated as "Confidential" material (or their content(s)) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

12. **Disposition of "Confidential" Material Upon Final Determination Of This Action.** Within eighteen (18) months following the final determination of this action, unless otherwise agreed to in writing by counsel for all parties to this action, each party shall, through its counsel, complete and deliver to the designating party a letter, certifying that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any "Confidential" materials covered by this Order, and that all such files have been purged of all such "Confidential" materials. Upon delivery of such letters and accompanying documents or information by all parties to this action, the jurisdiction of the Court to enforce this Order shall terminate.

13. **No Restriction On Designating Party's Use of "Confidential" Materials.** Notwithstanding any other provision of this Order, the party producing to another party material designated as "Confidential" does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

14. **No Restriction On Asserting Privileges.** Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

15. **Designation of "Confidential" Material at Trial or Hearing.** This Protective Order shall not apply to the disclosure of documents or information designated Confidential at the trial or a hearing in this matter. Counsel for the parties may confer prior to trial or hearing of this action in an effort to agree upon a procedure to ensure the continuing confidentiality of documents or information designated as Confidential. In the event an agreement is not reached, however, the issue may be submitted to the Court by motion, upon notice to counsel for the parties.

**IT IS SO ORDERED.**

_____
WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE

4-14-14

5